State v. Hardy 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-199-CR

     THE STATE OF TEXAS,
                                                                                              Appellant
     v.

     STEVEN MACK HARDY,
                                                                                              Appellee
 

From the County Criminal Court at Law No. 6
Harris County, Texas
Trial Court # 9259673
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by the State of Texas from an order of the trial court granting Appellee
Hardy's motion to suppress blood-test results and other medical record evidence. 
      Appellee Hardy was charged with the misdemeanor offense of driving while intoxicated. 
Appellee filed a motion to suppress the blood-test results and other medical evidence for alleged
violations of the Medical Practice Act. After a hearing, the trial court granted Appellee's motion
to suppress.
      Appellant State of Texas appeals on one point of error: "The trial court erred in granting
Appellee's motion to suppress the blood-test results and other medical record evidence for
violation of the Medical Practice Act."
      On December 3, 1991, Trooper Authier of the Department of Public Safety was dispatched
to the scene of an accident in Harris County. He observed ambulance personnel remove Appellee
from a pickup truck. Appellee was transported by Life-Flight to Hermann Hospital. Trooper
Authier investigated the scene of the accident and formed the opinion that Appellee was
intoxicated. As of December 7, 1991, no charge had been filed against Appellee; and on such date
Trooper Authier received a Grand Jury subpoena from the Harris County District Attorney's office
and served the subpoena on the Custodian of Records of Hermann Hospital, requesting the
custodian to furnish the medical records of Appellee's treatment on December 3, 1992. Blood was
taken from Appellee as part of medical treatment for his injuries. Blood was not taken from
Appellee in response to any request from Trooper Authier or any government agent. The medical
records were delivered to the District Attorney's office. They reflected a blood-alcohol content
of 0.239. The level of intoxication in Texas is 0.10 or greater. Appellee was charged with DWI
on December 14, 1992.
      Appellee filed a motion to suppress the medical records "as it was derived in violation of the
Texas Medical Practice Act, specifically Art. 4495b, Sec. 5.08(a) and (g)(8)."
      After a hearing, the trial court signed an order: "Came to be heard the foregoing defendant's
motion to suppress blood-test results and other medical record evidence for violation of the
Medical Practice Act, and the court having considered same, it is hereby GRANTED."
      The trial judge filed a conclusion of law: "The court granted the motion to suppress blood-test results and other medical record evidence for violations of the Medical Practice Act, stating
that such actions violated the Texas Medical Practice Act, as well as the defendant's right to a
reasonable expectation of privacy."
      The Texas Medical Practice Act, Art. 4495b, Sec. 5.08(a) and g(8), generally prohibits a
medical professional or hospital employee from releasing any information about a patient; and
Article 38.23, Texas Code of Criminal Procedure, provides that no evidence obtained in violation
of the constitution or laws of the United States, or Texas, shall be admitted in evidence against an
accused in a criminal case.
      Article 4495(b), Section 5.08(a) and g(8) was, however, repealed or rendered inoperative in
criminal cases by Rule 509, Texas Rules of Criminal Evidence, by order of the Court of Criminal
Appeals, effective September 1, 1986. Rule 509 provides: "Physician-Patient Privilege. There
is no physician-patient privilege in criminal proceedings. Thurman v. State, (Tex. App.—Houston
[1st Dist.]) 816 S.W.2d 96, 99.
      The trial court erred in holding that the Texas Medical Practice Act required the blood-test
result be suppressed. And the trial court erred in holding that the blood-test results were obtained
in violation of Appellee's reasonable expectation to privacy in the blood-test results.
      Contrary to the trial court's holding, the blood-test results were not obtained in violation of
any reasonable expectation of privacy. State v. Comeaux, (Tex. Crim. App.) 818 S.W.2d 46, 51-52, held that legitimation of expectations of privacy by law must have a source outside the Fourth
Amendment, either by reference to concepts of property or to understandings that are recognized
and permitted by society. The court in Comeaux held that the action of medical professionals
disclosing the blood-tests results in that case violated the defendant's right to a reasonable
expectation of privacy, stating that the law prohibits a medical professional or hospital employee
from releasing any information about a patient, and reciting the provisions of the Medical Practice
Act, Art. 4495(b) Sec. 5.08. Assuming that Appellee had a personal subjective expectation of
privacy, the next issue is whether Appellee's subjective expectation is one that society accepts as
reasonable. As noted, there is no physician-patient privilege in criminal proceedings. Tex. R.
Crim. Evid. 509. Now, that Article 4495(h) Sec. 508 has been repealed in criminal cases, Rule
509 shows that society does not consider the expectation of privacy reasonable in criminal cases. 
      The policy choice has been made by the Court of Criminal Appeals. Society can afford the
physician-patient privilege in civil cases in order to protect personal property, but the need to
protect the public from crime requires disclosure of the same information in criminal cases. We
hold that Appellee's expectation of privacy was not one society considers reasonable. Thurman
v. State, supra.
      The trial court having relied on a repealed statutory provision, and on an expectation of
privacy which is not one that society accepts as reasonable, erred in granting Appellee's motion
to suppress blood-test results. We sustain the State's point and reverse and render the trial court's
order granting the motion to suppress.
      The record reflects that the trial of the case is presently stayed pending the proceeding in this
court. At trial, the court is ordered to admit the results of Appellee's blood test.
 

                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Reversed and rendered
Opinion delivered and filed August 10, 1994
Do not publish